Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 06-31953 (LMW) |
| LUCIA GUERRERO, | ) | CHAPTER | 7 |
| | ) | DOC. I.D. NOS. | 38, 57 |
| DEBTOR. | ) | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 06-31954 (LMW) |
| ELEAZAR HERNANDEZ, | ) | CHAPTER | 7 |
| | ) | DOC. I.D. NOS. | 44, 65 |
| DEBTOR. | ) | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

| | |
|---|---|
| David A. Dee, Esq.<br>67 Russ Street, 2nd Floor<br>Hartford, CT 06106 | Counsel for the Debtors |
| Maria Luisa De Castro Foden, Esq.<br>107 Oak Street<br>Hartford, CT 06106 | Counsel for the Debtors |
| Bonnie C. Mangan, Esq.<br>Law Office of Bonnie C. Mangan<br>1050 Sullivan Avenue<br>Suite A3<br>South Windsor, CT 06074 | Chapter 7 Trustee |

**BRIEF MEMORANDUM AND ORDER RE:**
**TRUSTEE'S OBJECTIONS TO DEBTORS' MOTIONS TO CONVERT**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** on November 9, 2006, Attorney De Castro Foden filed a purported chapter 7 petition (the "Guerrero Petition") for Lucia Guerrero and Chapter 7 Case No. 06-31953 (the "Guerrero Case") was opened in this court's files. It appears that the Guerrero Petition was unsigned;

**WHEREAS,** on November 10, 2006, Attorney De Castro Foden filed a purported chapter 7 petition (collectively with the Guerrero Petition, the "Petitions") for Eleazar Hernandez (collectively with Ms. Guerrero, the "Debtors") and Chapter 7 Case No. 06-31954 (collectively with the Guerrero Case, the "Cases") was opened in this court's files. It appears that the Hernandez Petition was unsigned;

**WHEREAS,** Bonnie C. Mangan, Esq. was appointed trustee (the "Trustee") in each of the Cases;

**WHEREAS,** the respective meetings of creditors was concluded in the Cases on March 22, 2007;

**WHEREAS,** on March 14, 2007, Attorney Dee filed his appearance for the Debtors in the Cases;[1]

**WHEREAS,** on March 16, 2007, the Debtors filed a motion (collectively, the "Motions") to convert to chapter 13 in each of their respective cases;

**WHEREAS,** on May 1, 2007 the Trustee filed an objection (collectively, the "Objections") to the Motions on the authority of *Marrama v. Citizens Bank of Massachusetts,* 127 S. Ct. 1105 (2007);

---

[1] Attorney Dee is directed to file a disclosure of compensation pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure.

**WHEREAS,** a hearing (the "Hearing") was held on the Motions and the Objections on June 11, 2007. The Debtors, Attorney Dee and the Trustee appeared at the Hearing, the Debtors testified (assisted by an interpreter) and documentary evidence was introduced into the record;

**WHEREAS,** at the Hearing the court expressed grave doubts that the unsigned Petitions did not give this court jurisdiction over the Cases. Accordingly, the court directed that amended (*i.e.,* signed) Petitions were to be filed in the Cases on or before June 21, 2007 or the court would issue an order to show cause why the Cases should not be dismissed for lack of jurisdiction;

**WHEREAS,** at the Hearing the Trustee argued that the Debtors each owned certain properties (collectively, the "Properties") which could be liquidated for the benefit of their creditors which benefit to creditors could be lost if the Cases were dismissed;

**WHEREAS,** amended (signed) Petitions were filed in the Cases on June 15, 2007;

**WHEREAS,** the Debtors have expressed the desire to preserve the Properties in chapter 13 cases;

**WHEREAS,** based upon the record of the Hearing and the entire record of the Cases, the court has concluded that the Debtors are within the class of "honest but unfortunate debtor[s] that the bankruptcy laws were enacted to protect," *Marrama,* 127 S. Ct. at 1111, have not previously converted the Cases and are qualified to be debtors under chapter 13;

**WHEREAS,** the court has concluded that, subject to the following condition (the "Condition") the Motions should be granted;

- 3 -

**WHEREAS,** the Condition is that, after conversion to chapter 13, on motion of a party in interest and for "cause" and after notice and a hearing, any Case may be reconverted to chapter 7 but in no event shall either such chapter 13 Case be dismissed;[2]

**NOW, THEREFORE,** for the reasons discussed above, the Motions are granted and orders shall enter converting the Cases to chapter 13 (subject to the Condition).

Dated: July 9, 2007                                              BY THE COURT

*[signature]*

Lorraine Murphy Weil
United States Bankruptcy Judge

---

[2] The Debtors and the Trustee each have agreed to the Condition.